## N. Y. SUPERIOR COURT.

### The People *ex rel.,* James J. Rice agt. The Keeper of the Penitentiary of the City of New York.

The laws of 1840 (*page* 73, *ch.* 100) and the laws of 1856 (*p.* 251, *ch.* 158) in connection with the Revised Statutes, recognize and authorize imprisonment in three different places for the crime of *grand larceny,* viz: state prison, penitentiary and house of refuge. Offenders over twenty-one are to be imprisoned in the state prison ; those between twenty-one and sixteen, in the state prison or penitentiary at the discretion of the court ; those under sixteen in the state prison or house of refuge, at the discretion of the court.

When the court under its power of discretion has determined the age of the offender, and designated the place of his imprisonment, and passed sentence upon him, the exercise of that discretion and that determination is made the final adjudication of a competent court, and can no more be inquired into on *habeas corpus* than can the guilt or innocence of a prisoner who has either pleaded, or been found by the jury, guilty of the offense charged in the indictment.

If error is committed in such determination it can only be corrected, if at all, by writ of error or a motion for a new trial, when the court has power to entertain such motion.

*Special Term, September,* 1869.

The relator having been indicted in the court of general sessions, and brought up for trial therein, pleaded guilty of petit larceny from the person of Emily C. Cuyler, of goods, &c., of Richard M. Cuyler. He was thereupon sentenced by that court to be imprisoned in the penitentiary of the city of New York for the term of three years, and a record of the judgment of the court was thereupon made, as follows :

At a court of general sessions of the peace, holden in and for the city and county of New York, at the city hall of the said city, on Thursday, the twenty-first day of May, in the year of our Lord, one thousand eight hundred and sixty-eight.

Present—The honorable Abraham D. Russell, city judge of the city of New York, justice of the sessions.

*The People of the State of New York* agt. *James J. Rice.*
On conviction by confession of petit larceny from the person of one Emily C. Cuyler goods, &c., of one Richard M. Cuyler. Whereupon it is ordered and adjudged by the court that the said James J. Rice, for the felony aforesaid, whereof he is convicted, be imprisoned in the penitentiary of the city of New York for the term of three years.

The relator now, on a petition setting forth that at the time of his sentence and conviction he was only of the age of fourteen years and twenty-nine days, and was at the time of said conviction unattended by counsel, and did not know his age or understand his rights, has obtained a writ of *habeas corpus*, and asks for a discharge from his imprisonment.

The return to the writ shows that the relator is held under the aforesaid judgment of the court of general sessions.

There was no proof offered on the return being made to the writ contesting the above mentioned facts contained in the petition.

JONES, J.—The Habeas Corpus Act provides that if the imprisoned party is detained in custody by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued on such judgment or decree, he shall be remanded to such custody.

If then the said judgment of the court of general sessions is a final judgment of a competent court of criminal jurisdiction the prisoner must be remanded.

That it is the final judgment of a court of criminal jurisdiction is not disputed. But it is urged that the court was not competent to render the judgment in question for two reasons :

1. That the offence to which the relator pleaded guilty amounts to petit larceny only, the punishment for which cannot exceed six months imprisonment, and a fine of $100;

and, therefore, the court had no power to order an imprisonment for three years.

2. That the court had no power to direct any imprisonment in the penitentiary in this case.

*First*—Chapter 374 of the laws of 1862, enacts that a larceny committed by stealing, taking, and carrying away from the person of another, may be punished as for grand larceny, although the value of the property taken shall be less than twenty-five dollars.

The punishment for grand larceny is imprisonment not exceeding five years.

The offence to which the relator pleaded guilty is the stealing and taking from the person of another property of less value than twenty-five dollars.

Under the act of 1862, the punishment for this offence may be the same as the punishment for grand larceny, which is imprisonment not exceeding five years.

The court, therefore, ordered no greater term of imprisonment than the law prescribes.

*Second*—That the court of general sessions had jurisdiction to indict, try, convict, and sentence for the offense in question; that it has in some cases authority to order imprisonment in the penitentiary, and that it had jurisdiction over this particular offense, and the person of the offender, are matters that are not disputed. But it is claimed that as its authority to imprison in the penitentiary for the offense in question, extends only to persons between sixteen and twenty-one years of age, it has no power so to imprison any others, and that consequently its judgment so imprisoning one not between these ages is not the judgment of a competent court.

This seems to me to be a *non sequitur*. If the court had no authority to order imprisonment in the penitentiary in any case, or if it appeared on the face of its record that the person so ordered to be imprisoned was not within the prescribed ages, then I am strongly inclined to the opinion that

it might well be said that the court was not competent to render such judgment, and necessarily that the imprisonment was not under the judgment of a competent court. But it is unnecessary to pass on that question as it does not arise in this case.

The general punishment prescribed for all classes of offenders convicted of the offense in question, is imprisonment in the state prison for a term not exceeding five years (2 *R. S.*, 1*st ed., p*: 679).

In 1840 the legislature enacted that, "Whenever any person under the age of sixteen years, shall be convicted of any felony or other crime, the court *instead* of sentencing such person to imprisonment in the state prison or county jail *may* order that he be removed to and confined in the house of refuge, established by the society for the reformation of juvenile delinquents, in the city of New York, unless notice shall have been received from said society that there is not room in said house for the reception of further delinquents." (*Laws of* 1840, *p.* 73, *chap.* 100.)

In 1856, the legislature enacted that, "Whenever any person under the age of twenty-one and above the age of sixteen, shall be convicted of an offense punishable with im prisonment in the state prison in either of the judicial districts of this state having a penitentiary within said judicial district, the court before which said conviction shall be had may, *in its discretion*, sentence the person so convicted to imprisonment in the penitentiary, situated in that judicial district." (*Laws of* 1856, *p.* 251, *chap.* 158.)

The effect of these two acts is to enable the court, in its discretion, to exercise leniency in favor of youthful criminals in the selection of the place of imprisonment, leaving the maximum term of imprisonment the same as that prescribed by the Revised Statutes for all persons liable to punishment for grand larceny.

These acts taken in connection with the Revised Statutes, recognize and authorize imprisonment in three different

places for the crime of grand larceny, viz., state prison, penitentiary, and house of refuge; offenders over twenty-one are to be imprisoned in the state prison; those between twenty-one and sixteen in the state prison or penitentiary, at the discretion of the court; those under sixteen in the state prison or house of refuge, at the discretion of the court.

The place of imprisonment is to be designated by the court in which the prisoner is convicted. In order to enable the court to make such designation, it must, before passing sentence (which is the judgment of the court), pass on and determine the age of the offender. The very vesting this discretion in the court gives it power and renders it competent to determine the question; when that determination is made it is the final adjudication of a competent court, and can no more be inquired into on *habeas corpus* than can the guilt or innocence of a prisoner who has either pleaded, or been found by the jury, guilty of the offense charged in the indictment.

If error is committed in such determination it can only be corrected, if at all, in the same manner as errors in admitting or rejecting evidence, in charging or refusing to charge the jury, or rendering verdicts on insufficient evidence; and that manner is by writ of error or a motion for a new trial, when the court has power to entertain such motion.

Writ discharged and prisoner remanded.