PEOPLE *ex rel.* KUHN *v.* PROTESTANT EPISCOPAL HOUSE OF MERCY.

*In re* KUHN.

*(Supreme Court, General Term, First Department.* December 31, 1891.)

REFORMATORIES—COMMITMENT DURING MINORITY — RECITAL OF AGE NOT CONCLUSIVE.
    Under the New York City Consolidation Act, § 1466, as amended by Laws 1886, c. 353, authorizing the commitment to a reformatory, on grounds specified, of females "over the age of twelve years," such commitment, if the female be a minor, to be during her minority, the recital, in a warrant of commitment, of the age of such minor, is not conclusive against her, and she may be discharged upon proof that she has attained her majority at a date earlier than would appear from the warrant.

Appeal from special term, New York county.

Petition by Michael G. Kuhn for writ of *habeas corpus* to obtain the release of Josephine Kuhn from the Protestant Episcopal House of Mercy, respondent. From an order for the discharge of the person detained, and from an order overruling a demurrer to petitioner's traverse of respondent's return, respondent appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Courtland V. Anable,* (*Elbridge T. Gerry,* of counsel,) for appellant. *Andrew Comstock,* for respondent.

BARRETT, J. Josephine Kuhn was committed under the consolidation act, as amended in 1886, (Laws 1882, c. 410; Laws 1886, c. 353.) One of the jurisdictional facts therein specified is that, when brought before the committing magistrate, the female child shall be "over the age of twelve years." It is also provided that every commitment made under the act shall state the name and age of the female so convicted; also the term of commitment, which, if the female so convicted is an adult, shall be six months, or, if a minor, during her minority. The commitment in the present case states the age of the child as follows: "Over the age of twelve years and under the age of twenty-one years, to-wit, of the age of seventeen years." The writ of *habeas corpus* was here issued, and the child discharged upon the ground—admitted as matter of fact by the demurrer to the traverse—that the child attained her majority on the 27th of May, 1891, and that, consequently, her period of restraint under the commitment had expired. The appeal is based upon the contention that the recital of the child's age in the commitment is conclusive, and cannot be reviewed upon *habeas corpus.* So far as the jurisdictional fact that the child, when committed, was over the age of 12 years, and not an adult, is concerned, we entirely agree with the appellant. The court has no authority upon *habeas corpus* to review an adjudication on that head lawfully made by the committing magistrate. We could not, for instance, discharge the child upon proof that she was really but 11 years of age when brought before the magistrate. That would be an attack upon his judgment, foreign to the office of a writ of *habeas corpus.* See *People* v. *Superintendent,* 8 Abb. Pr. (N. S.) 112; *People* v. *The Keeper,* 37 How. Pr. 494. But the

present application is not in hostility to the commitment. It concedes the correctness of the judgment, and asks for the child's freedom upon the sole ground that her term of commitment under the judgment has expired. The judgment was not that she stand committed for four years, but during her minority. If the judgment had directed her commitment for four years, it would have been void, as unauthorized by the statute, and as indefinite with regard to the date of her majority. The magistrate, it is true, is directed to state in the commitment the age of the female child; but an inaccuracy on that head would not vitiate the proceedings, even upon *certiorari*, so long as the jurisdictional fact that she was over the age of 12 years and under 21 was correctly found. The object of the provision which requires that every commitment shall state the name and age of the female so committed, together with the cause of her commitment, was undoubtedly to enable the institutions designated for the reception of such persons to classify them as required by the act, (section 1466, subd. 2,) and to keep those of the first class separate from those of the second; also, in a general way, to guide such institutions as to the probable period of discharge, and, consequently, as to their capacity from time to time to receive fresh subjects. It could not have been for the purpose of fixing the precise term of restraint by years, months, and days, for there is nothing in the act requiring a specification either of the date of birth or the date when majority will be reached. Indeed, in the case at bar it would be impossible, on the face of the commitment, to specify the precise date when the child would be entitled to her discharge. That would clearly require evidence *aliunde* the commitment; for, assuming that adjudication that she was "of the age of seventeen years" was conclusive, still, when would she be discharged? The recital is not that she was 17 years of age on the 13th day of January, 1889,—the day when the commitment was signed,—or any other particular day. The recital in question might, indeed, be true if she had attained her seventeenth year on the 12th day of January, 1889, or even on the 14th day of January, 1888. It is apparent that the statutory judgment must stand by itself, that such judgment simply commits the female child during her minority, and that it is in no wise qualified by the *videlicet,* "to-wit, of the age of seventeen years," attached to the recital of the jurisdictional fact. "The office of the *videlicet,*" says Bouvier, "is to mark that the party does not undertake to prove the precise circumstances alleged." Its office in this commitment is plainly to mark that the magistrate does not undertake to recite or to find the precise age of Josephine Kuhn. We think the respondent should have had final judgment on the demurrer to the traverse. The statement in the traverse with regard to the proceedings before the magistrate, standing alone, would, of course, have been demurrable. But the allegation that Josephine Kuhn "was born on the 27th day of May, 1870, and consequently was twenty-one years of age on the 27th day of May, 1891," was a statement which, being conceded by the demurrer, established the fact that she had attained her majority, and, consequently, that the term for which she was committed had expired. Both orders should therefore be affirmed, with costs.[1]   All concur.

[1] Upon the settlement of the order of affirmance entered in pursuance of this opinion, the decision was so modified as not to award costs, and the order was entered thereon in the following language: "Ordered, that the said orders so appealed from as aforesaid, and each of them, be, and the same are hereby, in all respects affirmed."